The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

KING COUNTY, et al.,

    Plaintiffs,

v.

TEVA PHARMACEUTICAL INDUSTRIES, LTD., et al.,

    Defendants.

No. 2:21-cv-00477

**AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER**

Plaintiffs King County and City of Tacoma and defendants Teva Pharmaceuticals USA, Inc. and Teva Neuroscience, Inc. (collectively, the "parties") hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.    General Principles**

1.    An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.    As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER
(2:21-cv-00477) - 1

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

3. Nothing in this agreement alters a party's rights, obligations, and responsibilities under the applicable Federal Rules of Civil Procedure, nor does anything in this agreement impose additional burdens beyond those imposed by the Federal Rules of Civil Procedure. The parties reserve all objections under the Federal Rules of Civil Procedures for matters relating to the production of data that are not specifically addressed in this agreement.

**B.  ESI Disclosures**

The parties agree to exchange requests for production, in accordance with Federal Rule of Civil Procedure 34, within 30 days of the Court's resolution of defendants' motion to dismiss. Within 30 days of being served with requests for production, or at a later time if agreed to by the parties, each party shall disclose:

1. <u>Custodians</u>. The custodians that the disclosing party believes in good faith are most likely to have discoverable ESI in their possession, custody, or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under the custodian's control. The disclosed custodians within this section shall not exceed twenty-five.

2. <u>Non-custodial Data Sources</u>. A list of non-custodial data sources (*e.g.*, shared drives, servers), if any, likely to contain discoverable ESI.

3. <u>Third-Party Data Sources</u>. A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.*, third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER
(2:21-cv-00477) - 2

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

4. <u>Inaccessible Data</u>. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

5. <u>Supplemental Disclosure</u>. If a party believes in good faith that it is necessary to aid the discovery process, that party may request information relating to network design, types of databases, database dictionaries, document retention policies, organizational charts for custodian identification and selection, backup and systems recovery routines, including, but not limited to, tape rotation and destruction/overwrite policy. Upon such a request, the opposing party shall disclose or meet and confer to provide such information.

6. <u>Foreign data privacy laws</u>. Nothing in this Order is intended to prevent either party from complying with the requirements of a foreign country's data privacy laws, *e.g.*, the European Union's General Data Protection Regulation (GDPR) (EU) 2016/679. The parties agree to meet and confer before including custodians or data sources subject to such laws in any ESI or other discovery request.

**C.   ESI Discovery Procedures**

1. <u>On-site inspection of electronic media</u>. Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2. <u>Search methodology</u>. The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer or technology-aided methodologies[1], before any such

---

[1] If the producing party intends to use Technology Assisted Review ("TAR") (including predictive coding or any other form of machine learning) to filter response or non-responsive documents.

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER
(2:21-cv-00477) - 3

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search methodology.

    a.    Prior to running searches:

        i.    The producing party shall disclose the data sources (including custodians), search terms and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information. The producing party must provide detailed hit counts for each search query breaking the results into document hits, document hits with family, Relativity unique hits (if Relativity is the review platform), and a total de-duplicated review population hit result.

        ii.    The parties will meet and confer in good faith regarding search terms and custodians. If the Requesting Party objects to the sufficiency of the Producing Party's proposed custodians or search terms, the Requesting Party may propose modifications to the Producing Party's custodian list, terms, or a list of additional terms, subject to paragraph "b. After Production" below. Any disputes over additional custodians or terms that cannot be resolved between the parties during meet and confer may be presented to the Court.

        iii.    The following provisions apply to Disputed Search Terms. If the Producing Party contends that terms proposed by the Requesting Party would recall an excessive number of documents ("Disputed Search Terms"), the Producing Party will provide a Disputed Search Term hit list or hit report after global de-duplication. The list or report should include the number of documents that hit on each term, the number of unique documents that hit on each Disputed Search Term (documents that hit on a particular term and no other term on the list), and

---

This must be disclosed, and the parties will meet and confer at that time to negotiate a suitable TAR protocol. Nothing in this agreement prohibits a party from using TAR.

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER (2:21-cv-00477) - 4

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

the total number of documents that would be returned by using the proposed search term list (including families). With respect to any search term for which the Producing Party believes there exists a modification that will reduce the number of irrelevant documents returned by the search term, the Producing Party will meet and confer with the Requesting Party to discuss in good faith any such modification. For any term that a Producing Party believes are burdensome, overly broad, or objectionable and for which there does not appear to be any modification that would resolve such issues, the Producing Party will meet and confer with the Requesting Party to discuss in good faith its objections to such search terms. As part of that process, the Producing Party will, upon request, provide the Requesting Party with quantitative data demonstrating the issues. In the event that a dispute remains after quantitative information is evaluated, the Requesting Party may ask for (and the Producing Party will not unreasonably withhold) qualitative information about the disputed search terms. This qualitative information may include example documents demonstrating irrelevance or false positive hits. The Producing Party agrees to consider a reasonable number of good faith requests from the Requesting Party to review a random sample of documents and their family members with unique hits that hit on the disputed search terms and to discuss the results of that review with the Requesting Party. For any random sample that is reviewed, the parties will, in good faith, attempt to reach agreements on the appropriate sample size.

      b.      After production:

            i.      Once the files of a custodian are searched with the terms agreed to by the parties, the producing party shall not be under any obligation, absent an agreement by the parties or a Court Order, to re-search that custodian's files using additional search terms. Any party proposing such additional terms will have to demonstrate good cause for the additional

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER
(2:21-cv-00477) - 5

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

search, such as, for example, that information was unknown to them at the time the original lists were prepared.

    ii. Each party may, upon reviewing documents actually produced in the litigation, and conducting other investigation and discovery, request that files from additional custodians be searched using the previously agreed search terms. The parties agree to meet and confer in good faith concerning any requests, and the custodian to be searched.

    iii. A party must make its request for additional search terms, along with the basis for good cause, and its request for an additional custodian or additional custodians within 60 days of either the producing party notifying the receiving party that it has substantially complete the production of documents or the substantial completion deadline for document production set by the Court, whichever comes first.

  3. <u>Direct Collection</u>. The parties shall also timely confer to attempt to reach agreement on the appropriateness of any direct collection of data. Nothing in this agreement shall require a party to produce data in a format other than the format the party keeps data in the ordinary course of business. The parties shall continue to cooperate in revising the appropriateness of the direct collection.

  4. <u>Format</u>.

   a. ESI will be produced in a format referenced in the attached Appendix A.

  5. <u>De-duplication</u>. The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian information removed during the de-duplication process tracked in a duplicate/other custodian field in the database load file as referenced in the Appendix A production format.

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER (2:21-cv-00477) - 6

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

6. <u>Email Threading</u>. The parties may use analytics technology to perform email thread analysis to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies. "Email thread analysis" means that where multiple email messages are part of a single chain or thread, a party is only required to produce the most inclusive message ("Last In Time Email") and need not separately produce earlier, less inclusive email message or thread members that are fully contained within the Last In Time Email. An earlier email is fully contained in the Last In Time Email only if the Last In Time Email includes all previous emails, including attachments and identical senders and recipients, on the thread. Only email messages for which the parent document and all attachments are contained in the Last In Time Email will be considered less inclusive email messages. For avoidance of doubt, if a thread member contains any additional data that is not contained in the Last In Time Email (including without limitation attachments or BCC recipients), it is not a less inclusive email and must be separately produced. Where a Last In Time Email is produced, the producing party will include metadata corresponding to the following metadata fields for each of the earlier thread members fully contained within the Last In Time Email: Sender, Recipient, CC, and BCC. Upon reasonable request, the producing party will produce a less inclusive copy.

7. <u>Metadata fields</u>. The parties agree that only the metadata fields referenced in the attached Appendix A production need be produced, and only to the extent it is reasonably accessible and non-privileged. The list of metadata type is intended to be flexible and may be changed by agreement of the parties, particularly in light of advances and changes in technology, vendor, and business practices.

8. <u>Responsiveness</u>. The fact that a document may have been retrieved by application of agreed upon search terms shall not prevent any party from withholding from production such

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER (2:21-cv-00477) - 7

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

document for lack of responsiveness, privilege, or other permissible objection. Notwithstanding the foregoing, to the extent any Party identifies responsive ESI or documents not hit upon by the filters noted above, all such non-privileged documents must be produced, subject to the parties' objections to discovery requests.

9. <u>Junk Files</u>. During the ESI extraction process, junk files, which are non-responsive embedded objects such as logos and social media icons, may be extracted from emails into separate files. The parties agree that, to the extent a party can identify the junk files through, for example, search terms within the junk file or the document extension, those junk files do not need to be reviewed or produced by the producing party.

10. <u>Confidentiality of Produced ESI</u>. Responsive ESI, whether produced as TIFF images or in Native Format, shall be produced pursuant to the terms of the Discovery Confidentiality Order to be entered by the court. Any objections to production shall otherwise be made pursuant to the Federal Rules of Civil Procedure or the Federal Rules of Evidence. If a document is produced subject to a claim that it is protected from disclosure under the Discovery Confidentiality Order, the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be burned electronically on each page of such document. For ESI produced in Native Format, the TIFF placeholder for the native file shall include the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or where not produced with a TIFF placeholder, the storage device (e.g., CD, USB, or hard drive) containing such native ESI data shall be labeled with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER
(2:21-cv-00477) - 8

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

11. <u>Inadvertent Disclosure</u>.  The terms of the Discovery Confidentiality Order to be entered by the Court govern the inadvertent production of privileged information in this agreement as well.

12. <u>English Language</u>.  To the extent any data exists in more than one language, the data shall be produced in English, if available.  If no English version of a document is available, the producing party does not have an obligation to produce an English translation of a document.  For purposes of this provision, an English version of a document does not include any translation performed as part of the ESI collection and production.

**D.    Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control.  With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, the requesting party's Fed. R. Civ. P. 26(b)(2)(B) right to compel the production of potentially responsive not readily accessible data is preserved, and the parties shall preserve all discoverable ESI in their possession, custody, or control.

2. The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER
(2:21-cv-00477) - 9

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

    a. Deleted, slack, fragmented, or other data only accessible by forensics.

    b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

    c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

    d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

    e. Back-up data that are duplicative of data that are more accessible elsewhere. If the data is not an exact duplicate and is potentially responsive, it shall be preserved allowing the requesting party to move for production under Fed. R. Civ. P. 26(b)(2)(B).

    f. Server, system or network logs.

    g. Data remaining from systems no longer in use that is unintelligible on the systems in use and duplicative data is more accessible elsewhere. If the data is not an exact duplicate and is potentially responsive, it shall be preserved allowing the requesting party to move for production under Fed. R. Civ. P. 26(b)(2)(B).

    h. Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

4. The parties shall not be obligated under this agreement to produce deleted ESI lost as a result of the routine, good-faith operation of an ESI system, prior to the date upon which the duty to preserve ESI arose. Nothing in this provision limits a party's obligation to search for ESI "deleted" by a user that remains as a copy on an archive, backup tape, or some other central server or place within the company's possession, custody, or control provided such search is otherwise consistent with and does not exceed the party's obligations under the Federal Rules of Civil Procedure. If a producing party learns that responsive ESI that once existed was

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER (2:21-cv-00477) - 10

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

lost, destroyed, or is no longer retrievable, the producing party shall explain, to the extent that the information is reasonably available, where and when the ESI was last retrievable in its original form.

**E.     Privilege**

1.      A producing party shall create a privilege log of all documents withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this Agreement and Order.  Privilege logs shall include a unique identification number for each document, the basis for the claim (attorney-client privileged, work-product protection, or other basis for privilege), an indication whether the document has been redacted or withheld, and a brief description of the basis for the claim(s) of privilege.  For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created.  Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure.  Privilege logs will be produced to all other parties within 75 days of substantial completion of a party's production and no later than 75 days before the deadline for the close of discovery in Microsoft Excel format.

2.      The parties agree to meet and confer in good faith to determine whether certain types of documents may be logged categorically, such that basis for the claim of privilege and explanation for the basis of privilege would apply to all documents within that category.

3.      Each member of a family of documents (i.e., each member of a set of documents in a parent-child relationship to each other) to the extent such members are also being withheld or redacted for the same privilege, may be logged together as a single entry on the privilege log, listing each of the relevant bates numbers for redacted documents, a document identifier for

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY
STORED INFORMATION AND ORDER
(2:21-cv-00477) - 11

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

withheld documents, and the metadata described in E.1 to the extent that metadata does not disclose privileged information.

4. Redactions need not be logged so long as the basis for the redaction is clear on the redacted document.

5. The parties agree that the following documents and ESI need not be logged, indexed, or produced:

    a. Privileged or work-product information generated on or after April 8, 2021, including materials created or received by outside counsel or their associated support staff and materials created or received by in-house counsel or their associated support staff.

    b. Activities undertaken in compliance with the duty to preserve information, which are protected from disclosure Fed. R. Civ. P. 26(b)(3)(A) and (B).

6. Pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection.

DATED this 28th day of June, 2021.

KELLER ROHRBACK L.L.P.

*s/ Alison E. Chase*
Lynn Lincoln Sarko, WSBA #16569
Gretchen Freeman Cappio, WSBA #29576
Matthew M. Gerend, WSBA #43276
Felicia J. Craick, WSBA # 54505
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900
Fax: (206) 623-3384

KIRKLAND & ELLIS LLP

*s/ Jeremy E. Roller*
Jeremy E. Roller, WSBA No. 32021
1218 Third Avenue, Suite 2100
Seattle, WA 98101
Ph: (206) 428-3250
F: (206) 428-3251
jroller@aretelaw.com

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER
(2:21-cv-00477) - 12

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

| | |
|---|---|
| lsarko@kellerrohrback.com<br>gcappio@kellerrohrback.com<br>mgerend@kellerrohrback.com<br>fcraick@kellerrohrback.com<br><br>Alison E. Chase (*pro hac vice*)<br>KELLER ROHRBACK L.L.P.<br>801 Garden Street, Suite 301<br>Santa Barbara, CA 93101<br>Tel: (805) 456-1496<br>achase@kellerrohrback.com<br><br>*Attorneys for Plaintiffs* | Jay P. Lefkowitz (admitted pro hac vice)<br>Devora W. Allon (admitted pro hac vice)<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>Tel: (212) 446-4800<br>lefkowitz@kirkland.com<br>devora.allon@kirkland.com<br><br>Matt Owen (admitted pro hac vice)<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue NW<br>Washington, DC 20004<br>Tel: (202) 879-5000<br>matt.owen@kirkland.com<br><br>Counsel for Defendants Teva Pharmaceuticals USA, Inc. and Teva Neuroscience, Inc. |

# ORDER

Based on the foregoing, IT IS SO ORDERED.

DATED: June 29, 2021

*signature*

The Honorable Robert S. Lasnik

UNITED STATES DISTRICT JUDGE

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER
(2:21-cv-00477) - 13

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384