The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

KING COUNTY, et al.,

                Plaintiffs,

    v.

TEVA PHARMACEUTICAL INDUSTRIES, LTD., et al.,

                Defendants.

No. 2:21-cv-00477

**STIPULATED PROTECTIVE ORDER**

1.    <u>PURPOSES AND LIMITATIONS</u>

      Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

## 2. "CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" MATERIAL

"Confidential" material shall include any and all discovery and other materials or information property designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," whether such Confidential material is a document (electronic or otherwise), information contained in a document, information revealed during a deposition testimony, information revealed in a response to an interrogatory or a request for admission, or information otherwise revealed.

2.1 Confidential Information. A producing party or non-party may designate any non-public information, document, or thing, or portion of any document or thing, as "CONFIDENTIAL" if the producing party reasonably believes public disclosure would cause competitive harm and it contains: (a) trade secrets; (b) technical information; (c) business, marketing, financial, sales, and/or product strategy; (d) market analysis and/or competitive analysis; (e) third-party confidential information; (f) revenue, profits, or compensation; (g) private or confidential personal information; or (h) information which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. This includes information received in confidence from third parties, so long as the producing party or non-party has a good faith belief that the information is, at the time of designation, entitled to protection under Federal Rule of Civil Procedure 26(c) or other applicable law.

2.2 Highly Confidential – Attorneys' Eyes Only Information. A producing party or non-party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" nonpublic, highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the producing party's or non-party's business or competitive position, including but not limited to: (a) information related to pricing (including but not limited to credits, discounts, returns, allowances, rebates, and chargebacks), projected future sales, volumes, profits, revenue, costs, and strategy regarding the same, (b) claims and

reimbursement data, (c) agreements with third parties, (d) transactional data, (e) information protected by foreign, federal or state privacy laws, (f) research, design, and development of products, or (g) information related to settlement of litigation or negotiations thereof.

3.   SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

Nothing in this Order prevents or restricts counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Confidential material, including documents stamped "Confidential" or "Highly Confidential – Attorneys' Eyes Only," so long as he or she does not disclose its specific contents

4.   ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1   Basic Principles.  A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement.  Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) outside counsel of record retained by the Parties as counsel for this litigation, as well as paralegals, assistants, and employees of the respective law firms of these outside counsel, to the extent such persons' duties and responsibilities require access to material designated Highly Confidential - Attorneys' Eyes Only. Each such person shall have an obligation to maintain the confidentiality of the material so designated;

(b) up to two (2) designated in-house counsel for each Party, who may be substituted by providing written notice of a substitution of in-house counsel to the parties prior to any disclosure, as well as the secretarial and clerical employees of each party, who work regularly with the designated in-house counsel, for the sole purpose of assisting in this litigation;

(c) any independent outside expert or consultant retained to assist with preparation for pre-trial or trial proceedings by the attorneys described in section 5(a)(i) and who is not a current employee of any of the Parties in the litigation, as well as support staff and assistants of any such expert to the extent such persons' duties and responsibilities require access to material designated Highly Confidential – Attorneys' Eyes Only and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) a person who prepared, received, or reviewed the Highly Confidential – Attorneys' Eves Only information prior to its production here, provided (a) it appears on the face of the document or from other evidence that the person prepared, received, or reviewed the Highly Confidential – Attorneys' Eyes Only information, (b) the party wishing to make the disclosure has received permission from the producing party, (c) the person is an employee of the producing party, (d) the person has been designated as a Rule 30(b)(6) witness by the producing party, or (e) the party wishing to make the disclosure has a reasonable, good faith basis to believe that the person prepared, received, or reviewed the Highly Confidential – Attorneys' Eyes Only information or was involved in the subject matter described in such document. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must

be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(e) the Court and court personnel, including court reporters providing services in court or at depositions for the purpose of assisting the Court in this Litigation and stenographic employees, court reporters, and typists for the sole purpose of recording or transcribing testimony, documents, or information relating to this Litigation;

(f) interpreters, translators, copy services, graphics services, litigation consultants, outside exhibit preparation companies, independent support service personnel, and database/coding service personnel providing services for counsel described in section 5(a)(i), to the extent necessary to prosecute or defend the Litigation;

(g) any mediator retained by the Parties or appointed by the Court, and employees of such mediator who are assisting in the conduct of the mediation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) any present officer, director, or employee of the party or non-party who produced or designated the Highly Confidential - Attorneys' Eyes Only information unless otherwise prohibited from receiving or accessing the information; and

(i) any person to whom the producing party or non-party agrees (in writing) Highly Confidential - Attorneys' Eyes Only information may be disclosed and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

The parties agree to meet and confer about any additional reasonable requests.

4.3 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any material designated as "CONFIDENTIAL" only to:

(a) persons identified in section 4.2;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement; and

(d) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3 <u>Filing Confidential Material</u>.  Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.  Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The designating party must designate for protection only those parts of material,

documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word(s) "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains confidential material and, to the extent possible, to the media (i.e., disc, hard drive, etc.) on which the documents are provided. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within thirty days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or

STIPULATED PROTECTIVE ORDER PAGE - 7
(Case No. 2:21-CV-00477)

exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word(s) "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 _Judicial Intervention_. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement,

and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 28th day of June, 2021.

| KELLER ROHRBACK L.L.P. | KIRKLAND & ELLIS LLP |
|---|---|
| *s/ Alison E. Chase* | *s/ Jeremy E. Roller* |
| Lynn Lincoln Sarko, WSBA #16569 | Jeremy E. Roller, WSBA No. 32021 |
| Gretchen Freeman Cappio, WSBA #29576 | 1218 Third Avenue, Suite 2100 |

| | |
|---|---|
| Matthew M. Gerend, WSBA #43276<br>Felicia J. Craick, WSBA # 54505<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101<br>Tel: (206) 623-1900<br>Fax: (206) 623-3384<br>lsarko@ kellerrohrback.com<br>gcappio@kellerrohrback.com<br>mgerend@kellerrohrback.com<br>fcraick@kellerrohrback.com<br><br>Alison E. Chase (*pro hac vice*)<br>KELLER ROHRBACK L.L.P.<br>801 Garden Street, Suite 301<br>Santa Barbara, CA 93101<br>Tel: (805) 456-1496<br>achase@kellerrohrback.com<br><br>*Attorneys for Plaintiffs* | Seattle, WA 98101<br>Ph: (206) 428-3250<br>F:   (206) 428-3251<br>jroller@aretelaw.com<br><br>Jay P. Lefkowitz (admitted pro hac vice)<br>Devora W. Allon (admitted pro hac vice)<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>Tel: (212) 446-4800<br>lefkowitz@kirkland.com<br>devora.allon@kirkland.com<br><br>Matt Owen (admitted pro hac vice)<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue NW<br>Washington, DC 20004<br>Tel: (202) 879-5000<br>matt.owen@kirkland.com<br><br>Counsel for Defendants Teva Pharmaceuticals USA, Inc. and Teva Neuroscience, Inc. |

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: June 29, 2021

*[signature]*
Robert S. Lasnik
United States District Court Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *King County, et al. v. Teva Pharmaceutical Industries, LTD, et al.*, 2:21-cv-00477. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____